Young, J.
(concurring). I concur in this Court’s order denying defendant’s application for leave to appeal and write separately to respond to Chief Justice Kelly’s dissent. Chief Justice Kelly’s dissent reveals an unusual perspective of criminal law and criminality in general. What Chief Justice Kelly vilifies as a “ruse” and “subterfuge” is a legitimate law enforcement tactic to safely apprehend a known drug dealer. Further, *1072 because offense variable (OV) 19, MCL 777.49, plainly does not include an intent element, the caselaw from other states that Chief Justice Kelly cites is irrelevant. Accordingly, there is no basis in the law for rescoring OV 19, as Chief Justice Kelly urges.
Defendant is a career drug dealer who sold heroin, powder cocaine, and crack cocaine to a confidential informant and an undercover officer on three separate occasions between April 24, 2007, and April 30, 2007. Because the police officers possessed cash seized from defendant during a traffic stop on April 16, 2007,[1] they asked defendant to meet at a Michigan State Police post for return of the money seized. Defendant agreed and they were able to arrest him for the three prior drug sales in the safety of a controlled environment. I agree that this was a “ruse,” but it offends no principle of law to use a criminal’s stupidity against him.
Chief Justice Kelly chooses to chastise the police officers for their “subterfuge” rather than the defendant, who knowingly carried 47 grams of crack cocaine and 20 packets of heroin into a police station and then attempted to smuggle the same 47 grams of crack cocaine and packets of heroin into the Grand Traverse County Jail. Chief Justice Kelly asserts that defendant “could hardly be said to have intended to engage in conduct that ‘threatened the security of a penal institution.’ ”[2] It is hard to believe that anyone could sincerely dispute that the presence of illicit drugs “threatenfs] the security of a penal institution.” Moreover, it was not “only because of a police subterfuge”[3] that defendant’s behavior was a threat to the security of a penal institution. Defendant could have told the officers that he had the 47 grams of crack cocaine and packets of heroin in his underwear when he was arrested at the station. Instead, he chose to attempt to smuggle this considerable amount of drugs into the county jail. Chief Justice Kelly suggests that defendant may be excused from the consequences of that choice “because he wished not to be charged for possession with intent to deliver prohibited substances in addition to his other crimes.”[4] A criminal’s interest in avoiding punishment for his crimes does not, has never, and, hopefully, will never excuse criminal behavior. The law does not require courts to ignore criminal behavior; rather, it assigns consequences. “[T]rying to avoid having drugs ... detected during booking”[5] is deviant behavior for which the law assigned a consequence — 26 points for OV 19. That we may be able to theorize a defendant’s motive to conceal his crime does not decriminalize the act.
OV 19 does not contain a “ruse” exception to its provisions. And, contrary to Chief Justice Kelly’s argument, OV 19 does not contain an intent element. Whether defendant “intended to ‘threaten the security *1073 of a penal institution’ ” is irrelevant.[6] Twenty-five points are assigned when “the offender by his or her conduct threatened the security of a penal institution.” MCL 777.49(a) (emphasis added). Defendant’s conduct — attempting to smuggle 47 grams of crack cocaine and packets of heroin into the jail — “threatened the security of a penal institution”; thus, OV 19 was properly scored.
Because I do not share Chief Justice Kelly’s vision of criminal jurisprudence, I concur in this Court’s order denying leave to appeal.
Corrigan, J. I join the statement of Justice Young.

 The police officers seized the money because a police dog indicated that the money contained cocaine and heroin residue.

 Post at 1073, quoting MCL 777.49(a).

 Post at 1073.

 Post at 1073.

 Post at 1075.

 Post at 1073 (emphasis added).